23CA0006 Peo v Farrow 10-03-2024

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 23CA0006
Arapahoe County District Court No. 15CR2605
Honorable Darren L. Vahle, Judge

_____

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael Dehawn Farrow,

Defendant-Appellant.

_____

ORDER AFFIRMED

Division II
Opinion by JUDGE JOHNSON
Fox and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 3, 2024

_____

Philip J. Weiser, Attorney General, Joseph G. Michaels, Assistant Solicitor
General, Denver, Colorado, for Plaintiff-Appellee

Lucy H. Deakins, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1 Defendant, Michael Dehawn Farrow (Farrow), appeals the postconviction court's order denying without a hearing his Crim. P. 35(b) motion. We affirm.

I. Background

¶ 2 After attempting to run over his housemates with his car, Farrow was convicted by a jury in November 2017 of attempted first degree assault (a class 4 felony), menacing (a class 5 felony), reckless endangerment (a class 3 misdemeanor), reckless driving (a class 2 misdemeanor traffic offense), and a crime of violence sentence enhancer. The jury found that the prosecution had proved the sentence enhancer, as Farrow had used his car as a deadly weapon.

¶ 3 Farrow's housemates testified at trial that while they were arguing with Farrow about evicting him, he attempted to kill them outside the home with his car. Farrow's theory of defense was that he acted in self-defense after a housemate threatened to get a gun and returned to the house to retrieve it. Farrow was sentenced to twelve years in the custody of the Department of Corrections (DOC)

1

on the attempted assault offense, with the other sentences to run concurrently.

¶ 4     A division of this court affirmed Farrow's judgment of conviction on direct appeal. *See People v. Farrow,* (Colo. App. No. 17CA2352, Aug. 12, 2021) (not published pursuant to C.A.R. 35(e)). The supreme court denied his petition for certiorari.

¶ 5     In September 2022, Farrow filed a Crim. P. 35(b) motion seeking to reduce his sentence. Providing over 300 pages of exhibits to support his request, Farrow argued that his sentence should be reduced because he was not receiving sufficient mental health treatment in DOC. The court ordered a response from the prosecution and, following briefing, denied the motion, finding that Farrow's sentence was appropriate.

¶ 6     In December 2022, Farrow filed a motion to reconsider the court's denial, asserting that he had not been served with either the prosecution's response to his Rule 35(b) motion or the court's order denying the same. He argued that, due to a clerical error, Farrow's counsel had not been listed as counsel of record in the court's e-filing system. The court summarily denied the motion to reconsider.

¶ 7     On appeal, Farrow contends that the court abused its discretion by (1) denying his Crim. P. 35(b) motion and his motion to reconsider because he had not been given the opportunity to reply to the prosecution's response to his Rule 35(b) motion and (2) failing to provide a sufficient explanation for denying his request for a sentence reduction given the new and substantial information concerning his mental health.

## II.     Standard of Review and Applicable Law

¶ 8     We review a district court's ruling on a Crim. P. 35(b) motion for an abuse of discretion. *People v. Chavez*, 2020 COA 80M, ¶ 8. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or based on a misunderstanding or misapplication of the law. *People v. Miller*, 2024 COA 66, ¶ 40. A court fails to exercise its judicial discretion by refusing to consider mitigating information and failing to make findings in support of its decision. *People v. Busch*, 835 P.2d 582, 583 (Colo. App. 1992).

¶ 9     "A court's review of a Crim. P. 35(b) motion focuses on the fairness of the sentence in light of the purposes of the sentencing laws." *People v. Dunlap*, 36 P.3d 778, 780 (Colo. 2001). When presented with such a motion, the court may consider all relevant

and material factors, including new evidence and facts the district court knew when it imposed the original sentence. *Id.* "Crim. P. 35(b) does not require the trial court to make findings of fact," but the court "should provide a statement of the basic reasons in support of its ruling." *Id.* at 782. And "[t]he court may, after considering the motion and supporting documents, if any, deny the motion without a hearing." *Id.* at 780.

### III. Analysis

¶ 10 The Attorney General argues that we do not need to reach the merits of Farrow's two contentions because they challenge the propriety of his sentence. We do not read Farrow's argument that narrowly. Nonetheless, we conclude that the court did not abuse its discretion when it denied his motion.

¶ 11 As to Farrow's first argument — that the court improperly denied his Rule 35(b) motion and the motion to reconsider because he could not file a reply — we reject that the district court abused its discretion. Crim. P. 35(b) does not provide defendants the right to reply. Instead, a court may rule on a motion for sentence reduction based solely on the "motion and supporting documents, if any." Crim. P. 35(b).

¶ 12    Even so, Farrow argues that he was denied the opportunity to request to file a reply because he was not served with the prosecution's response or the court's denial of his Rule 35(b) motion.  Acknowledging the clerical error in its order denying Farrow's motion to reconsider, the court also noted that it had not asked Farrow to file a reply to his Rule 35(b) motion.  Given that Rule 35(b) does not authorize an automatic right to reply, the court's ruling suggests that it would not have accepted such a submission (or requested one) even if Farrow's counsel had been served with the prosecution's response.  *Cf. People v. Nozolino*, 2023 COA 39, ¶ 8 (an appellate court reviews a postconviction court's failure to comply with the procedures of Crim. P. 35(c) for harmless error).

¶ 13    And even assuming Farrow had submitted a reply, we also reject his second argument that the district court did not provide sufficient factual findings in its order denying relief.  Farrow asserts that the court failed to consider the substantial new information regarding his mental health and treatment that he had submitted in both motions.  Farrow specifically refers to two psychologists' evaluations in 2022 and their belief that he likely has borderline

personality disorder (BPD). He explained that for a patient with BPD to progress in treatment, the person must receive both individual and group dialectical behavioral therapy (DBT) sessions and medications. Farrow outlined in his motion that he had not been offered DBT or a modified form of treatment for correctional environments, such as "DBT-CM," during his incarceration.

¶ 14 Farrow has pointed to nothing in the record to suggest that the district court failed to review and consider the new information he submitted. In fact, as required by Crim. P. 35(b), the court noted that it had reviewed "the file and the pleadings and considered all relevant and material factors including Defendant's actions while incarcerated." The court also acknowledged that it was "aware of the . . . mental health issues raised by the defense in their motion," indicating that it had considered the attached information as part of its ruling.

¶ 15 Even so, Farrow contends that the district court's findings are insufficient given the substantial amount of information he submitted. But the court was not required to make any specific findings of fact about Farrow's mental health or his treatment plans. *See Dunlap*, 36 P.3d at 780. The court laid out its basis for

denying the motion when it indicated that Farrow had not established a factual issue warranting a hearing. Although Farrow highlighted his struggles to obtain treatment in DOC, this does not require the court to reduce his sentence. As the postconviction court reasoned, "[t]he original trial court had sufficient information prior to sentencing, and the benefit of a full pre-sentence investigatory report." The order continued, "The [original trial] Court weighed the options available and chose a sentence that was neither the bottom of the range nor the top. The Court finds that the sentence was [then] and is [now] appropriate." Based on this record, we discern no basis to set aside the district court's ruling. *See Chavez*, ¶ 8.

IV.   Conclusion

¶ 16    The order is affirmed.

JUDGE FOX and JUDGE SCHOCK concur.